UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD S. WILKINSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT RODGERS, et al.,<br><br>Defendants. | NO. 1:23-CV-3035-TOR<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE AND DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT are Plaintiffs' Motion for Temporary Restraining Order (ECF No. 4) and Motion to Expedite the same (ECF No. 3). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion to Expedite (ECF No. 3) is GRANTED and Plaintiffs' Motion for Temporary Restraining Order (ECF No. 4) is DENIED.

ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE AND DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER ~ 1

# BACKGROUND

This matter relates to a Position Statement adopted by the Washington Medical Commission ("WMC") on September 22, 2021 to address misinformation related to COVID-19 and the available treatments. ECF No. 4 at 2. In relevant part, the Position Statement says: "Treatments and recommendations regarding this disease that fall below standard of care as established by medical experts, federal authorities and legitimate medical research are potentially subject to disciplinary action." *Id*. The Position Statement also encourages the public and medical practitioners to file complaints when they believe the standard of care has been breached. ECF No. 1 at 28, ¶ 63.

The WMC received complaints about Plaintiffs Wilkerson and Cole. *Id*. at 11, ¶ 6, at 13, ¶ 13. It is unclear whether any complaints were lodged against Plaintiff Eggleston. In any event, all Plaintiffs were investigated by the WMC, and all subsequently received a Statement of Charges alleging they made false and misleading statements to the public regarding COVID-19 and the available treatments. ECF No. 4 at 4–5. Plaintiffs Wilkerson and Eggleston have license review hearings scheduled for April and May, respectively. *Id*. at 5–6. Plaintiff Cole does not have a hearing scheduled at this time. ECF No. 1 at 13, ¶ 13.

Plaintiffs raise seven causes of action: violations the First Amendment and 42 U.S.C. § 1983 (Count I); violations of procedural due process under the Fifth

and Fourteenth Amendments, and 42 U.S.C. §§ 1983, 1988 (Count II); violations of Article I, § 5 of the Washington State Constitution (Count III); violations of the Washington Administrative Procedures Act, RCW 34.05, *et seq*. (Count IV); violations of substantive due process under the Fifth and Fourteenth Amendments, and 42 U.S.C. § 1983 (Count V); defamation/false light (Count VI); and tortious interference with business relationship and/or expectancy (Count VII) (raised only by Plaintiff Cole). *Id.* at 30–50, ¶¶ 72–146. Plaintiffs seek a temporary restraining order to enjoin Defendants from enforcing the Position Statement. ECF No. 4.

## DISCUSSION

I.  **Temporary Restraining Order (TRO)**

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20;

ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE AND DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER ~ 3

*M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).  Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another.").  "[T]he district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'"  *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986).  In the same vein, the court's factual findings and legal conclusions are "not binding at trial on the merits."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  The moving party bears the burden of persuasion and must make a clear showing of entitlement to relief.  *Winter*, 555 U.S. at 22.

**A. Likelihood of Success on the Merits**

Plaintiffs raise several federal and state causes of action.  While this Court may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, the decision is discretionary.  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended*,

(Oct. 1, 1997).  In the interests of judicial economy, convenience, fairness, and comity, the Court declines supplemental jurisdiction over Plaintiffs' state law claims and will address only the challenges to federal law.

Plaintiffs allege three causes of action for violations of their federal constitutional and statutory rights.  ECF No. 1 at 30–39, ¶¶ 72–110, at 45–49, ¶¶ 132–142.  Plaintiffs cannot succeed on the merits of these claims for several reasons.  First and foremost, Plaintiffs challenge a Position Statement, which is neither a law nor regulation.  Plaintiffs' argument that the Position Statement is a Policy Statement describing WMC's approach to the implementation of a law or regulation is a misinterpretation of the Position Statement.  ECF No. 4 at 3–4.  The plain language of the Position Statement clearly indicates certain activities *may* be subject to disciplinary action.  The Position Statement does not contain any enforcement mechanisms, nor does it describe any policies or implementation procedures regarding a law or regulation.  Therefore, any claims purportedly arising under the Position Statement are not cognizable.  Furthermore, Plaintiffs' true grievances seem to lie with the investigations and disciplinary hearings, not the Position Statement itself.  *See generally*, ECF No. 1.

Next, "*Younger* abstention requires federal courts to abstain from hearing claims for equitable relief as long as the state proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise federal

ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE AND
DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING
ORDER ~ 5

questions." *Alsager v. Bd. of Osteopathic Med. & Surgery*, 945 F. Supp. 2d 1190, 1195 (W.D. Wash. 2013), *aff'd,* 573 F. App'x 619 (9th Cir. 2014) (citing *Buckwalter v. Nevada Bd. of Medical Examiners,* 678 F.3d 737, 747 (9th Cir. 2012)). All three *Younger* elements are met here. Medical disciplinary board hearings constitute state proceedings, and since none of the Plaintiffs have completed the hearing process, the proceedings are ongoing; medical board disciplinary proceedings clearly implicate an important state interest in ensuring adequate healthcare; and Washington law provides Plaintiffs with an opportunity to raise federal constitutional challenges on appeal to Washington state courts. *See id.* at 1195–96; RCW 18.130.140. Accordingly, even if Plaintiffs' claims were cognizable, this Court would be required to abstain from exercising jurisdiction.

      Additionally, this Court appears to lack personal jurisdiction over the defendants. Although Plaintiffs name numerous members of the WMC as defendants in the Complaint, neither the pleadings nor the current motion alleges any causes of action against the named individuals; all allegations are made against the WMC as a whole. Because the WMC is not a person for purposes of 42 U.S.C. § 1983 liability, Plaintiffs have failed to carry their burden to establish personal jurisdiction. *See Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 732 (9th Cir. 2022); *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163 (9th Cir. 2006).

      Finally, even if Plaintiffs had properly alleged causes of action against the

ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE AND
DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING
ORDER ~ 6

1 named individuals, the claims would still fail because the named individuals are

2 likely protected by immunity. *See Delashaw v. Roberts*, No. C18-1850JLR, 2020

3 WL 4922203 (W.D. Wash. Aug. 21, 2020) (finding the defendants who

4 participated in the investigation and presentation of information at a WMC

5 disciplinary hearing were entitled to absolute immunity because they acted in a

6 quasi-prosecutorial role, and finding the remaining defendants entitled to qualified

7 immunity where their participation in the disciplinary hearings was not integral to

8 the ultimate licensure suspension); *see also* RCW 18.71.015, RCW 18.130.300.

9      Plaintiffs have failed to establish they are likely to succeed on the merits of

10 their claims or that there are serious questions going to the merits. Because a

11 likelihood of success on the merits is a prerequisite to granting a TRO, the Court

12 need not address the issue of irreparable harm. *Dollar Rent A Car of Washington,*

13 *Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1375 (9th Cir. 1985).

14 //

15 //

16 //

17 //

18 //

19 //

20 //

ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE AND DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Expedite (ECF No. 3) is **GRANTED**.

2. Plaintiffs' Motion for Temporary Restraining Order (ECF No. 4) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 17, 2023



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE AND DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER ~ 8