UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| RICHARD S. WILKINSON, et al., | |
|---|---|
| Plaintiffs, | NO. 1:23-CV-3035-TOR |
| v. | ORDER GRANTING MOTION TO DISMISS |
| SCOTT RODGERS, et al., | |
| Defendants. | |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 15). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**.

## BACKGROUND

This matter relates to a Position Statement adopted by the Washington Medical Commission ("WMC") on September 22, 2021 to address misinformation

ORDER GRANTING MOTION TO DISMISS ~ 1

related to COVID-19 and the available treatments. ECF No. 14. A detailed factual background in discussed in the Court's Order Granting Plaintiffs' Motion to Expedite and Denying Plaintiffs' Motion for Temporary Restraining Order. EFC No. 12.

Plaintiffs filed the operable First Amended Complaint ("FAC") on March 31, 2023. ECF No. 14. The FAC raises four causes of action: violations the First Amendment and 42 U.S.C. § 1983 (Counts I and IV); violations of procedural due process under the Fifth and Fourteenth Amendments, and 42 U.S.C. §§ 1983, 1988 (Count II); and violations of substantive due process under the Fifth and Fourteenth Amendments, and 42 U.S.C. § 1983 (Count III). *Id*. at 29–46, ¶¶ 72–134. Defendants filed the present motion to dismiss on May 16, 2023, seeking dismissal of the FAC in its entirety. ECF No. 15.

## DISCUSSION

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the plaintiff's "allegations of material

fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

Defendants move for dismissal on the grounds that dismissal is required under the *Younger* abstention doctrine, Defendants are entitled to absolute and qualified immunity, and the WMC is not a person for purposes of a § 1983 claim. ECF No. 13.  The Court agrees.  Notably, Plaintiffs' FAC suffers from the same deficiencies discussed in the Court's prior Order.  *See* ECF No. 12.  Because Plaintiffs have failed to raise any additional facts or legal arguments that are materially different from those contained in their Motion for Temporary Restraining Order (ECF No. 4), only a brief discussion of the reasons for dismissal is warranted.

As noted in the denial of the temporary restraining order, Plaintiffs purport to challenge a Position Statement, which is neither law nor regulation.  ECF No. 12

ORDER GRANTING MOTION TO DISMISS ~ 3

1  at 5.  As such, the Court is unable grant declaratory relief because there are no

2  rights or legal obligations between the parties.  *Shell Gulf of Mexico Inc. v. Ctr. for*

3  *Biological Diversity, Inc.,* 771 F.3d 632, 635 (9th Cir. 2014) ("The Declaratory

4  Judgment Act provides that 'any court of the United States . . . may declare the

5  rights and other legal relations of any interested party seeking such declaration.'")

6  (quoting 28 U.S.C. § 2201(a)).

7         Next, the *Younger* abstention doctrine requires this Court to abstain from

8  hearing claims for equitable relief while state proceedings are pending.  Plaintiffs'

9  arguments that the *Younger* elements are not met in this case contravene caselaw

10 directly on point.  *See Alsager v. Bd. of Osteopathic Med. & Surgery*, 945 F. Supp.

11 2d 1190 (W.D. Wash. 2013), *aff'd,* 573 F. App'x 619 (9th Cir. 2014); *Amanatullah*

12 *v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160 (10th Cir. 1999).  To wit,

13 active state medical board investigations and hearings are ongoing state

14 proceedings, the regulation of medical practice is an important state issue, and

15 federal constitutional challenges to medical board determinations may be raised on

16 appeal in state court.  *Alsager*, 945 F. Supp. 2d at 1195–96; RCW 18.130.140.

17 Additionally, a hearing on the merits of Plaintiffs' claims would enjoin the ongoing

18 state proceedings, a point that Plaintiffs appear to concede (ECF No. 17 at 9),

19 which would violate the Ninth Circuit's implied fourth element to the abstention

20

1  doctrine. *AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1148–49 (9th Cir.

2  2007) (citation omitted).

3     Plaintiffs' claims to the *Younger* irreparable harm exception are also without

4  merit. The *Younger* irreparable harm exception applies only in "extraordinary

5  circumstances where the danger of irreparable loss is both great and immediate."

6  *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082

7  (9th Cir. 1987). The Ninth Circuit has applied the exception only where a person's

8  physical liberty will not be vindicated after trial. *See Bean v. Matteucci*, 986 F.3d

9  1128, 1133–34 (9th Cir. 2021). Plaintiffs' claims of reputational and economic

10 harm are insufficient to establish the extraordinary circumstances required to apply

11 the exception.

12    Even if *Younger* abstention was inapplicable, the FAC fails to address the

13 personal jurisdiction issues identified in the Court's prior Order. *See* ECF No. 12

14 at 6. The WMC is not a person for the purposes of a § 1983 claim and Plaintiffs do

15 not identify any specific actions any individual defendant undertook to cause the

16 alleged harm. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under

17 section 1983 arises only upon a showing of personal participation by the

18 defendant."). Plaintiffs' conclusory allegations that each individual defendant

19 "participated in the meeting and in the development of the Statement" are

20

ORDER GRANTING MOTION TO DISMISS ~ 5

insufficient to establish liability under § 1983. *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976).

Accordingly, Plaintiffs fail to state claims for which relief can be granted and Defendants are entitled to dismissal.

## II. Amendment

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). In ruling upon a motion for leave to amend, a court must consider whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted) (emphasis in original).

Here, Plaintiffs' FAC fails to address any of the deficiencies identified by the Court in its prior Order. Additionally, further amendment would be futile where Defendants are entitled to qualified or absolute immunity. *See Delashaw v. Roberts*, No. C18-1850JLR, 2020 WL 4922203 (W.D. Wash. Aug. 21, 2020) (finding the defendants who participated in the investigation and presentation of information at a WMC disciplinary hearing were entitled to absolute immunity because they acted in a quasi-prosecutorial role, and finding the remaining defendants entitled to qualified immunity where their participation in the disciplinary hearings was not integral to the ultimate licensure suspension); *see also* RCW 18.71.015, RCW 18.130.300. Therefore, Plaintiffs will not be granted leave to amend.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**. The claims asserted against all named defendants are **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **close** the file.

DATED July 7, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 7